# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN C. THOMPSON,<br><br>        Petitioner,<br><br>   v.<br><br>RICK HILL, Warden,<br><br>        Respondent. | Case No. 1:13-cv-02094-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 11)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. 1), DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition, which was served by mail on Petitioner at the address listed on the docket and filed on March 13, 2014. Although the thirty-day period for filing opposition to the motion has passed, no opposition has been filed.

///

1

I.  <u>Proceeding by a Motion to Dismiss</u>

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit Court of Appeals permits respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

Here, Respondent's motion to dismiss addresses the untimeliness of the petition pursuant to 28 U.S.C. 2244(d)(1).  The material facts pertinent to the motion are contained in copies of the official records of state judicial proceedings provided by Respondent in support of the motion to dismiss and as to which there is no factual dispute.  Because Respondent has not filed a formal

2

answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

   II.  Factual Summary

Petitioner challenges his conviction of armed robbery, kidnapping, discharge of a firearm, and being a felon in possession of a firearm. (Pet., doc. 1., 1; LD 2.)[1]  On February 10, 1997, and on February 10, 1998, Petitioner was sentenced in the Fresno County Superior Court (FCSC) to a determinate state prison term of eight years plus an indeterminate term of twenty-five years to life. (LD 1, LD 2.)  Petitioner did not appeal his sentence.

Petitioner subsequently filed eight pro se state post-conviction collateral challenges regarding the judgment. The filing date of all the petitions has been determined by applying the "mailbox rule." [2]

---

[1] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

[2] Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing. The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. Id.  Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v.

On January 17, 2004, Petitioner filed a petition for writ of habeas corpus in the FCSC (LD 3), which was denied on February 10, 2004 (LD 4).

On July 30, 2004, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal of the State of California, Fifth Appellate District (CCA) (LD 5), which was denied summarily, without any statement of reasoning or authority, on August 12, 2004 (LD 6).

On August 24, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court (CSC) (LD 7), which was denied on July 27, 2005, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998) (LD 8).

On September 5, 2011, Petitioner filed a petition for writ of habeas corpus in the FCSC (LD 9), which was denied on October 18, 2011, by an order stating, in part, that Petitioner had failed to explain his unreasonable delay in presenting his Cunningham claim, and citing In re Clark, 5 Cal.4th 750, 782-783 (1993) (LD 10).

On October 27, 2011, Petitioner filed a petition for writ of habeas corpus in the CCA (LD 11), which was denied on November 16, 2011, in part because Petitioner had failed to explain his delay of over fourteen years in seeking relief (LD 12).

---

Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005). However, if there is a long delay between the alleged mailing and receipt by a court, a district court may attribute the discrepancy to various causes, including the court, the postal service, the prison authorities, or the prisoner himself. See, Koch v. Ricketts, 68 F.3d 1191, 1193 n.3 (9th Cir. 1995) (concerning analogous Fed. R. App. P. 4(c)).

4

On April 9, 2012, Petitioner filed a petition for writ of habeas corpus in the FCSC (LD 13), which was denied on July 5, 2012, in an order citing In re Clark, 5 Cal. 4th 750, 782-83 (1993) (LD 14, 2).

On August 30, 2012, Petitioner filed a petition for writ of habeas corpus in the CCA (LD 15), which was denied on September 14, 2012, in part because Petitioner had failed to explain adequately his delay in seeking relief (LD 16).

On October 11, 2012, Petitioner filed a petition for writ of habeas corpus in the CSC (LD 17), which was denied on December 19, 2012, in an order that cited In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 767-69 (1993) (LD 18).

Petitioner filed his petition in the present action on December 14, 2013.

### III.   The Running of the Limitation Period

#### A.   Legal Standards

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). Petitioner filed his petition for writ of habeas corpus here on December 14, 2013. (Doc. 1, 15.) Thus, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). It identifies the pendency of some proceedings for collateral review as a basis for tolling the running of the period. As amended, subdivision (d) provides:

5

>    (d)(1) A 1-year period of limitation shall apply to
>    an application for a writ of habeas corpus by a person
>    in custody pursuant to the judgment of a State court.
>    The limitation period shall run from the latest of –-
>
>    (A) the date on which the judgment became final by
>    the conclusion of direct review or the expiration
>    of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an
>    application created by State action in violation of
>    the Constitution or laws of the United States
>    is removed, if the applicant was prevented from
>    filing by such State action;
>
>    (C) the date on which the constitutional right
>    asserted was initially recognized by the
>    Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral
>    review; or
>
>    (D) the date on which the factual predicate of the
>    claim or claims presented could have been discovered
>    through the exercise of due diligence.
>
>    (2) The time during which a properly filed application
>    for State post-conviction or other collateral review
>    with respect to the pertinent judgment or claim is pending
>    shall not be counted toward any period of limitation
>    under this subsection.

28 U.S.C. § 2244(d).

      B.   <u>Analysis</u>

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final. Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the Petitioner. <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007). The last sentence was imposed on Petitioner on February 10, 1998.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for

6

1 seeking such review in the highest court from which review could
2 be sought.  <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir.
3 2001).  The statute commences to run pursuant to § 2244(d)(1)(A)
4 upon either 1) the conclusion of all direct criminal appeals in
5 the state court system, followed by either the completion or
6 denial of certiorari proceedings before the United States Supreme
7 Court; or 2) if certiorari was not sought, by the conclusion of all
8 direct criminal appeals in the state court system followed by the
9 expiration of the time permitted for filing a petition for writ of
10 certiorari.  <u>Wixom</u>, 264 F.3d at 897 (quoting <u>Smith v. Bowersox</u>, 159
11 F.3d 345, 348 (8th Cir. 1998), <u>cert. denied</u> 525 U.S. 1187 (1999)).
12 Where, as here, the petitioner did not directly appeal from the
13 judgment, the judgment became final within the meaning of §
14 2244(d)(1)(A) when the time for seeking appellate review from the
15 state court expired.  <u>Gonzalez v. Thaler</u>, - U.S. -, 132 S.Ct. 641,
16 653-54 (2012).  Under state law, Petitioner had sixty days to appeal
17 the judgment.  Cal. Pen. Code § 1237.5; Cal. Rules Ct., Rule 31(d)
18 [now Rule 8.308(a)].  Thus, Petitioner's judgment became final
19 within the meaning of § 2244(d)(1)(A) upon the expiration of the
20 sixty-day period for filing a notice of appeal, or on April 12,
21 1998, the date that the period for seeking appellate review expired.
22      Therefore, the one-year limitations period began to run one day
23 later on April 13, 1998, and expired one year later on April 12,
24 1999.  Accordingly, absent any tolling, the one-year limitation
25 period ran on April 12, 1999.  Because Petitioner's petition was not
26 filed until December 14, 2013, the petition on its face was filed
27 outside of the one-year limitation period of 28 U.S.C. § 2244(d)(1),
28 and the petition is subject to dismissal.

7

IV. <u>Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

Once a petitioner is on notice that his habeas petition may be subject to dismissal based on the statute of limitations, he has the burden of demonstrating that the limitations period was sufficiently tolled by providing pertinent dates of filing and denial, although the state must affirmatively argue that the petitioner failed to meet his burden of alleging the tolling facts; simply noting the absence of such facts is not sufficient. <u>Smith v. Duncan</u>, 297 F.3d 809, 814-15 (9th Cir. 2002).

Here, Petitioner did not file his first state petition for collateral relief until January 17, 2004, over four years after the statutory period had expired on October 12, 1999. Thus, the statutory period had run by the time any application for collateral relief was filed in the state courts. Under such circumstances, the pendency of state applications has no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding that filing a state collateral petition after the running of the one-year limitations period of the AEDPA but even before the expiration of the pertinent state period of finality did not toll the running of the period under § 2244(d)(2)).

Respondent notes that in any event, the state courts expressly found that some of the petitions filed by Petitioner were untimely,

8

and thus they could not have tolled the running of the limitations period because they were not properly filed.

An application for state post-conviction or other collateral review is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as provisions concerning the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000). State time limits are conditions to filing, which render a petition not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id. Where a petition is untimely under California's standards, none of the time before or during the court's consideration of the petition is statutorily tolled. White v. Martel, 601 F.3d 882, 883-84 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).

Here, Petitioner's third, fourth, sixth and eighth state petitions were expressly found untimely by the CSC and the FCSC because they were denied with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and/or In re Clark, 5 Cal. 4th 750, 782-83 (1993) and therefore could not toll the limitations period. Robbins stands for the proposition that delayed and repetitious claims will not be condoned; a citation to Clark or to Robbins at 780 means that the state court found that the petition was untimely. Walker v.

9

Martin, - U.S. -, 131 S.Ct. 1120, 1124 (2011); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).  Because Petitioner's third, fourth, sixth and eighth state habeas petitions were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), they could not have tolled the federal limitations period.  Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005).

In sum, in addition to having been filed too late to toll the statute, Petitioner's state petitions were not properly filed, and thus they did not toll the limitations period for purposes of 28 U.S.C. § 2244(d)(2).  Pace v. DiGulielmo, 544 U.S. at 414-15.  Thus, the running of the limitations period was not tolled pursuant to § 2244(d)(2) by Petitioner's state court filings.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI. <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition as untimely filed be GRANTED;

2) The petition be DISMISSED with prejudice;

3) Judgment be ENTERED for Respondent; and

4) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 7, 2014**          **/s/ Sheila K. Oberto**
                      UNITED STATES MAGISTRATE JUDGE