# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN C. THOMPSON,<br><br>      Petitioner,<br><br>  v.<br><br>RICK HILL, Warden,<br><br>      Respondent. | Case No. 1:13-cv-02094-LJO-SKO-HC<br><br>ORDER DISREGARDING OBJECTIONS (DOC. 17)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 17) AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

     Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was dismissed with prejudice by this Court as untimely upon the Respondent's motion. The Court adopted the Magistrate Judge's findings and recommendations and declined to issue a certificate of appealability; judgment for Respondent was entered on August 27, 2014. (Docs. 15 & 16.) On the same date, the order and judgment were served by mail on Petitioner at the address listed on the docket. No notice of appeal was filed.

1

I. Order Disregarding Petitioner's Objections

On February 24, 2015, Petitioner filed objections to the findings and recommendations of the Magistrate Judge in which he argues that the untimeliness of his petition should not bar his petition because he is challenging an unauthorized sentence. Because the time for filing objections passed, and judgment was subsequently entered, the case has been closed.

Thus, to the extent that Petitioner's filing is understood to be objections to the findings and recommendations, the objections are DISREGARDED.

II. Motion for Reconsideration

It is possible that in filing "objections," Petitioner intended to seek reconsideration of the dismissal of his petition. In an abundance of caution, the Court will consider the objections as a motion for reconsideration.

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, reference to Petitioner's "objections" shows that Petitioner signed a declaration under penalty of perjury that he deposited the document in a mailbox for United States mail that was

2

provided by the prison for that purpose; the date on the declaration is February 21, 2015. (Doc. 17 at 3.) The Court will thus consider Petitioner's motion to have been constructively filed on that date pursuant to the mailbox rule.[1] Thus, the motion was served more than twenty-eight days after the entry of judgment on August 27, 2014. Therefore, the Court will not consider the motion pursuant to Rule 59(e).

To the extent Petitioner's motion is considered as a motion for reconsideration, Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation

---

[1] Dates of filing are calculated pursuant to the "mailbox rule." Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing. The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. Id. Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d at 1058-59; Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

3

of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

A motion for reconsideration under Rule 60(b)(6) will not be granted unless the movant shows extraordinary circumstances justifying relief. Gonzalez v. Crosby, 545 U.S. at 536.

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any allegedly different set

of facts, counsel shall file an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown in the prior motion, what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, because Petitioner challenges a determination of the timeliness of his petition, and not a disposition on the merits of the claims set forth in the petition, the Court will assume that the motion for reconsideration is not a prohibited successive petition. See 28 U.S.C. § 2244(b); Gonzalez v. Crosby, 545 U.S. at 529-36 (holding that § 2244(b)'s limitation on successive petitions did not bar a Rule 60(b) motion challenging a ruling that a § 2254 petition was untimely).

Considering Petitioner's motion pursuant to Rule 60(b), the Court concludes that Petitioner has not shown any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason justifying relief from the operation of the judgment.  There is no showing of any intervening change in the controlling law or any extraordinary circumstances warranting relief.

Accordingly, it will be recommended that Petitioner's motion for reconsideration be denied.

III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of

5

appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the motion should have been resolved in a different manner.

6

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

IV.   <u>Recommendations</u>

In accordance with the foregoing, it is RECOMMENDED that:

1)   Petitioner's motion for reconsideration be DENIED; and

2)   The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2015**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

7